### APPEAL OF MRS. HATSU FURUYA.

Docket No. 1766.     Decided July 24, 1926.

*Dale D. Drain, Esq.*, for the petitioner.
*Laurence Graves, Esq.*, for the Commissioner.

Before GRAUPNER,[1] LANSDON, and GREEN.

This appeal involves a deficiency in income tax for the years 1918 and 1920, totaling $1,201.05.

#### FINDINGS OF FACT.

The taxpayer and her husband, Masajiro Furuya, are residents of Seattle, Wash. The husband and wife, from their community property, made certain loans or advances to one Hattori, a business associate. The first of these advances was made in 1909 and the last in 1913. They totaled $10,166.70. Hattori died in April, 1914. From the affirmative allegations of both the petition and answer, it appears that the estate had practically no assets, but that some of the heirs of Hattori had indicated an intention to assume his indebtedness.

The taxpayer and her husband owned and operated a private bank. This bank, in 1913, loaned three individuals small sums of money totaling $360. This bank and another were consolidated and the community paid the indebtedness of these individuals to clear the bank's records.

In 1918 the taxpayer and her husband filed separate returns in which each set up as a deduction one-half of the debts above men-

---

[1] This decision was prepared during Mr. Graupner's term of office.

tioned. Subsequently such deductions were disallowed by the Commissioner and the additional tax paid. A claim for refund for the amount so paid was made and allowed. The taxpayer's return was again audited and the deduction again disallowed. This resulted in the deficiency now under consideration.

OPINION.

GREEN: This appeal presents two questions. The first is the right of the taxpayer to take as a deduction in 1918 her half of the debt due the community. Section 214(a) (7) of the Revenue Act of 1918 reads: "Debts ascertained to be worthless and charged off within the taxable year." There is no evidence before us as to when the taxpayer ascertained the debts to be worthless. The fact that debts were charged off in a particular year raises no presumption that they were in the same year " ascertained to be worthless."

The second question is the right of the Commissioner, in the absence of fraud or mathematical error, to reopen, reconsider, and redetermine a case in which he has, after due consideration, determined the tax liability. Section 1006 of the Revenue Act of 1924 and section 1312 of the Revenue Act of 1921 are inapplicable in this case because there is no agreement and no assessment. The original determination of the tax, the refund, and the determination of the deficiency here under consideration were all made by the same commissioner. We express no opinion as to the right of a commissioner to review the acts of his predecessor. We know of no statute or decision which in this case in any way limits the right of the Commissioner to reopen it as often as he chooses until such time as the statute of limitations has run against him. *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856; *Appeal of Warner Sugar Refining Co.*, 4 B. T. A. 5.

*Judgment for the Commissioner.*